FILED BY FS D.C.

Apr 29, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-20178-CR-MOORE/ELFENBEIN

18 U.S.C. § 1349
18.U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

DIEGO ROMAN VIZCON,

     Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

### *The Small Business Administration*

1.  The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

### *The Economic Injury Disaster Loan Program*

2.  One response to the COVID-19 outbreak was an expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could be used to pay fixed debts, payroll, accounts payable, and other

bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

3. Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including: information about the gross revenues for the business prior to January 31, 2020, and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentations to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

4. EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

### The Defendant and Related Individuals

5. Defendant **DIEGO ROMAN VIZCON** was a resident of Miami-Dade County, Florida.

6. Gabriel Ramon Diaz Cendan was a resident of Miami-Dade County, Florida, and a business partner of the defendant.

7. Yamil Lazaro Herrera was a resident of Miami-Dade County, Florida.

8. Downtown CCS, LLC ("Downtown CCS") was a Miami, Florida-based entity for which Yamil Lazaro Herrera served as President.

9. G & H Brands LLC ("G & H") was a Miami, Florida-based entity for which Yamil Lazaro Herrera served as Manager.

## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 1349)

10. From in or around March 2020, continuing through at least in or around December 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DIEGO ROMAN VIZCON,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Gabriel Ramon Diaz Cendan, Yamil Lazaro Herrera, and others known and unknown to the United States Attorney to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

11. It was the purpose of the conspiracy for the defendant and his conspirators to unjustly enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent EIDL applications made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; (b) offering, paying, and receiving kickbacks in connection with the submission of false and fraudulent loan applications; and (c)

3

diverting fraud proceeds for the defendant's and conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

12. **DIEGO ROMAN VIZCON**, Gabriel Ramon Diaz Cendan, and others prepared and caused to be prepared, and submitted and caused to be submitted, false and fraudulent EIDL applications on behalf of entities they and others controlled.

13. In each application, **DIEGO ROMAN VIZCON** or a conspirator misrepresented at least one of the following: (i) the applicant's gross revenue; (ii) the applicant's cost of goods sold; (iii) the applicant's number of employees; and (iv) the applicant's business activity.

14. As a result of the false and fraudulent EIDL applications submitted as part of the conspiracy, the SBA disbursed, via wire transmission, over $4,000,000 in loan proceeds into bank accounts controlled by **DIEGO ROMAN VIZCON** and his conspirators.

15. Conspirators paid **DIEGO ROMAN VIZCON** and Gabriel Ramon Diaz Cendan a portion of each successful EIDL loan obtained pursuant to the conspiracy.

16. **DIEGO ROMAN VIZCON** and his conspirators used the proceeds from the fraudulent scheme to enrich themselves and others, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DIEGO ROMAN VIZCON**, has an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18,

4

United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Diego Ramon Vizcon,
_____Defendant._____/

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami  ☐ Key West  ☐ FTP
☐ FTL    ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☒ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge Altman  Case No. 23-20309-CR-RKA
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Eli S. Rubin
Assistant United States Attorney
Court ID No.    A5502535

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: <u>DIEGO ROMAN VIZCON</u>**

**Case No:** _____

Count #: 1

<u>Conspiracy to Commit Wire Fraud</u>

<u>Title 18, United States Code, Section 1349</u>
* Max. Term of Imprisonment: Twenty (20) years
* Mandatory Min. Term of Imprisonment (if applicable): No
* Max. Supervised Release: Three (3) years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DIEGO RAMON VIZCON<br><br>*Defendant* | ) <br> ) Case No.<br> )<br> )<br> ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*